1  ANTON N. HANDAL (Bar No. 113812)
   tony.handal@gmlaw.com
2  GABRIEL G. HEDRICK (Bar No. 220649)
   gabriel.hedrick@gmlaw.com
3  LAUREN G. KANE (Bar No. 286212)
   lauren.kane@gmlaw.com
4  **GREENSPOON MARDER, LLP**
   750 B Street, Suite 2510
5  San Diego, California 92101
   Tel: 619.544.6400
6  Fax: 619.696.0323

7  Attorneys for Plaintiff
   SUSHAMA GOKHALE
8

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSHAMA GOKHALE, an individual;<br><br>Plaintiff,<br><br>v.<br><br>DOLBY LABORATORIES, INC., a California corporation; JEFFREY FEHERVARI, an individual; CONROY SHUM, an individual; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>**(1) UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX – TITLE VII, 42 U.S.C. §2000e,** *et seq.***;**<br>**(2) UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX – CAL. GOV'T. CODE §§12940,** *et seq.***;**<br>**(3) HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT – TITLE VII, 42 U.S.C. §2000e,** *et seq.;*<br>**(4) HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT – CAL. GOV'T. CODE §§12940(a); 12940(j);**<br>**(5) RETALIATION – TITLE VII, 42 U.S.C. §2000e-3(a);**<br>**(6) RETALIATION – CAL. GOV'T. CODE §12940(h);**<br>**(7) FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT– CAL. GOV'T. CODE §12940(k); AND**<br>**(8) WRONGFUL TERMINATION**<br><br>**[JURY TRIAL DEMANDED]** |

GREENSPOON MARDER
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

### I.   NATURE OF THE ACTION

1.   This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, *et seq.* ("Title VII"), the California Fair Employment and Housing Act, California Government Code §§12940 *et seq.*, ("FEHA") and common law, to correct unlawful employment practices on the basis of Plaintiff's sex, Plaintiff's objections and protected expressions, and to provide appropriate relief to Plaintiff SUSHAMA GOKHALE ("Plaintiff" or "Ms. Gokhale"), who was adversely affected by such practices. This action is brought against DOLBY LABORATORIES, INC. ("Dolby"), supervisors JEFFREY FEHERVARI ("Fehervari"), and CONROY SHUM ("Shum") and other co-employees, DOES 1-10. During her employment with Dolby, Plaintiff was subjected to unlawful discrimination, retaliation, a hostile environment based on sex, and was wrongfully terminated as alleged herein.

### II.   JURISDICTION

2.   Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* ("Title VII"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 (federal question). This Court has jurisdiction over Plaintiff's supplemental claims, including the claims brought under the laws of the State of California pursuant to 28 U.S.C. §1367 (supplemental jurisdiction). The state law causes of action form part of the same case or controversy as those subject to original jurisdiction.

### III.   VENUE

3.   Venue is proper under 28 USC §1391(b)(1) because the Defendants reside within this judicial district, and because a substantial part of the events and omissions giving rise to the claims, including the unlawful employment practices, occurred within this judicial district pursuant to 28 USC §1391(b)(2).

### IV.   INTRADISTRICT ASSIGNMENT

4.   This case is commenced within the San Francisco Division of the United States District Court for the Northern District of California pursuant to Civil L.R. 3-2(c) because this action arises within the county of San Francisco. A substantial part of the events and omissions giving rise

*GREENSPOON MARDER*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

- 1 -

to the claims occurred within San Francisco county. Defendant Dolby is headquartered in San Francisco and Dolby employed Plaintiff within the county of San Francisco.

## V.  PARTIES

5. Plaintiff Sushama Gokhale ("Plaintiff") is a 57 year-old female of Asian Indian national origin. Plaintiff is a United States citizen and resident of the State of California, residing in the county of Marin. Plaintiff is the former Director of Global Compliance for Intellectual Property Protection at Dolby Laboratories at the company's headquarters in San Francisco. At all relevant times, Plaintiff was an employee of Dolby. Dolby wrongfully terminated Plaintiff's employment on April 3, 2017.

6. Defendant Dolby Laboratories, Inc. ("Dolby") is, upon information and belief, a California corporation with its headquarters located at 1275 Market Street San Francisco, CA 94103. Upon information and belief, Dolby is a public electronics technology company with over two thousand employees. Dolby is an employer within the State of California and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, as amended, and the California Fair Employment and Housing Act.

7. Defendant Jeffrey Fehervari ("Fehervari") is, upon information and belief, a citizen and resident of the State of California. Upon information and belief, Fehervari is, and at all relevant times was, Dolby's Vice President of IP Protection.

8. Defendant Conroy Shum ("Shum") is, upon information and belief, a citizen and resident of the State of California. Upon information and belief, Shum is, and at all relevant times was, Dolby's Senior Director of IP Protection.

9. The acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, and/or joint employer, at the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein.

*GREENSPOON MARDER*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

- 2 -

10. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues DOES 1 through 10 by such fictitious names. Plaintiffs will amend the Complaint to identify said unknown parties when their true names and capacities are ascertained. Plaintiff is informed and believes that each DOE Defendant was the principal, parent, subsidiary, affiliate, agent, servant, employee, employer, director, officer, co-conspirator, alter-ego, aider and abettor, shareholder, director, partner, joint-venturer of a co-Defendant and, in doing the things hereinafter alleged, was acting within the course and scope of employment, and/or with the permission, ratification, or consent of a co-Defendant. Plaintiff is informed and believe that each DOE Defendant was in some manner responsible for the below described acts and omissions.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. All conditions precedent to the institution of this lawsuit have been fulfilled. Prior to the institution of this lawsuit, Plaintiff timely filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by Defendants. On or about May 18, 2017, the EEOC issued a Right to Sue letter. Similarly, Plaintiff timely filed a complaint of discrimination with the California Department of Fair Employment and Housing ("DFEH") and on or about May 3, 2017, the DFEH issued a Right to Sue letter. Attached hereto as Exhibit A are true and correct copies of the aforementioned Right to Sue letters.

## VII. STATEMENT OF FACTS

12. Plaintiff worked at Dolby for approximately eleven years, from 2006 through April 3, 2017, the first three years of which were as an independent contractor. During her employment, Plaintiff was subjected to a campaign of discrimination , unwarranted and repeated harassment which culminated in a hostile environment, and retaliation by Dolby and supervisors Fehervari and Shum, which resulted in her wrongful termination.

13. Dolby's fraternal culture is one in which women (including Plaintiff) are systematically subjected to disparate treatment based on their gender, and in which one supervisor in particular, Fehervari, targeted female employees with repeated harassment and intimidation.

///

GREENSPOON MARDER
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

- 3 -

14. Dolby's employment practices are discriminatory towards female employees and female employees are treated differently than male employees because of sex based on the following practices, without limitation:

   a. Qualified female employees are not promoted as often as male employees;
   b. It takes similarly qualified female employees longer to receive comparable promotions as those provided to male employees;
   c. Less qualified male employees are promoted or hired over their more qualified female counterparts;
   d. Female employees are largely excluded from high-level management and executive positions, including Dolby's Board of Directors;
   e. Female employees are not afforded the same degree of mentorship and training as their male counterparts;
   f. Female employees are divested of supervisory control; and
   g. Female employees are generally marginalized and given less opportunity for advancement than male employees.

15. With respect to Plaintiff, she was not promoted once in her eleven year tenure with Dolby despite her well-documented history of stellar performance and company growth. Plaintiff received meager pay raises, inconsistent with an employee of her level of skill and responsibility. Upon information and belief, female employees were systematically stationed in lower paying work categorizations than males, despite performing similar job duties.

16. As the Director of Global Compliance for Intellectual Property Protections, Plaintiff worked under the supervision of Defendant Fehervari, Dolby's Vice President of Compliance. Fehervari targeted Plaintiff (and other women) with systemic and pervasive harassment, put downs, embarrassment, and displays of intense (and unwarranted) anger. Fehervari was loud, hostile, dismissive, and verbally and physically intimidating towards Plaintiff and her female counterparts. Fehervari was openly critical of female employee's skills and abilities, and would belittle female subordinates without provocation. Plaintiff witnessed Fehervari's mistreatment of female colleagues and subordinates up until the day Dolby wrongfully fired her.

GREENSPOON MARDER
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

- 4 -

17. Upon information and belief, a number of female employees have instituted complaints with Dolby's Human Resources ("HR") Department concerning adverse treatment by Fehervari.

18. Between late 2013 and 2017, Plaintiff made many complaints to Dolby's HR Department, to her supervisors and others, regarding mistreatment and the workplace inequities she felt and observed. Plaintiff even inquired with HR for employment statistics on representations of male and female employees in various positions within Dolby.

19. However, Dolby did not actually intend to rectify the workplace inequities and discrimination. Rather, Plaintiff experienced systemic retaliation from Dolby as a direct result of her complaints. During the time of Plaintiff's complaints, Fehervari and Shum engaged in a course of action designed to impair Plaintiff's ability to do her job, and to sideline and eliminate her from the company, and ultimately she was fired. For example:

   a. Aware of Plaintiff's earlier HR complaints, Fehervari and Shum began taking resources away from Plaintiff's systems management group which made it more difficult for Plaintiff's to perform her job duties and to meet target goals.

   b. At the conclusion of an HR investigation in December 2016, Plaintiff was subjected to heightened intimidation and harassment by Shum and his direct report Brian Satterley, necessitating frequent meetings with Plaintiff and her team regarding Plaintiff's work, and bullying and harassing her team. Shum continued his campaign to reassign Plaintiff's resources.

   c. At the time Dolby fired Plaintiff on April 3, 2017 for allegedly "not cooperating with the reorganization of her group," the company was still "investigating" her March 2017 complaint.

20. Dolby's stated reason for termination was a pretext for its continued discrimination and its retaliatory firing of Plaintiff. After eleven years of service to the company, Plaintiff was hastily and summarily fired without warning or reliance on any company policy or protocol.

///

///

*GREENSPOON MARDER*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

- 5 -

# FIRST CLAIM FOR RELIEF

## Unlawful Employment Discrimination Based on Sex

### (Title VII, 42 U.S.C. §2000e-2(a)) (Against Dolby)

21. Plaintiff re-alleges and incorporates by reference each of the allegations in Paragraphs 1-20 above, as though set forth in full herein.

22. Dolby unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* Plaintiff was discriminated against with respect to her compensation, terms, conditions, and/or privileges of employment, and was terminated, because of her sex, which was the motivating factor in Dolby's decision-making process.

23. Dolby treated Plaintiff less favorably than similarly-situated male employees. As alleged herein, Defendants subjected Plaintiff to a campaign of discrimination and harassment which involved, without limitation, the continued denial of promotion despite being qualified therefor, pervasive hostile treatment of herself and others, retaliatory actions designed to diminish her job resources, and finally terminating her employment.

24. Dolby fostered an environment characterized by sex-based discrimination, harassment, and retaliation against employees, including Plaintiff. Dolby has a history of engaging in discriminatory conduct and has failed to take appropriate corrective actions reasonably calculated to eliminate the presence of harassment and discrimination in its workplace.

25. Dolby's acts of discrimination against Plaintiff on the basis of sex were wanton, willful and intentional, and were committed with malice or with reckless indifference to Plaintiff's federally protected rights justifying an award of punitive damages.

26. As a direct and proximate result of the foregoing unlawful employment practices, Plaintiff has been damaged, and will continue to be damaged, in an amount to be proven at trial, which includes, but is not limited to, loss of earnings and benefits, damage from loss of promotion and loss of compensation, reinstatement or front-pay in lieu thereof, attorneys' fees and costs, nonpecuniary losses including emotional pain, suffering, inconvenience, and mental anguish.

/ / /

/ / /

*COMPLAINT*

- 6 -

GREENSPOON MARDER
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

## SECOND CLAIM FOR RELIEF

### Unlawful Employment Discrimination Based on Sex

### (California Government Code §12940(a)) (Against Dolby)

27. Plaintiff re-alleges and incorporates by reference each of the allegations in Paragraphs 1-26 above, as though set forth in full herein.

28. Dolby unlawfully discriminated against Plaintiff in violation of the California Fair Employment and Housing Act ("FEHA") Government Code §§12940, *et seq.* Plaintiff was discriminated against with respect to her compensation, terms, conditions, and/or privileges of employment, and was terminated, because of her sex, which was the motivating factor in Dolby's decision-making process.

29. Dolby treated Plaintiff less favorably than similarly-situated male employees. As alleged herein, Defendants subjected Plaintiff to a campaign of discrimination and harassment which involved, without limitation, the continued denial of promotion despite being qualified therefor, pervasive hostile treatment of herself and others, retaliatory actions designed to diminish her job resources, and finally terminating her employment.

30. Dolby fostered an environment characterized by sex-based discrimination, harassment, and retaliation against employees, including Plaintiff. Dolby has a history of engaging in discriminatory conduct and has failed to take appropriate corrective actions reasonably calculated to eliminate the presence of harassment and discrimination in its workplace.

31. Dolby's acts of discrimination against Plaintiff on the basis of sex were wanton, willful and intentional, and were committed with oppression and/or malice, or with reckless indifference to Plaintiff's rights, justifying an award of punitive damages.

32. As a direct and proximate result of the foregoing unlawful employment practices, Plaintiff has been damaged, and will continue to be damaged, in an amount to be proven at trial, which includes, but is not limited to, loss of earnings and benefits, damage from loss of promotion and loss of compensation, reinstatement or front pay in lieu thereof, attorneys' fees and costs and nonpecuniary losses including emotional pain, suffering, inconvenience, and mental anguish.

///

*GREENSPOON MARDER*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

- 7 -

# THIRD CLAIM FOR RELIEF

## Hostile Work Environment Sexual Harassment

### (Title VII, 42 U.S.C. §§2000e, *et seq*.) (Against Dolby)

33. Plaintiff re-alleges and incorporates by reference each of the allegations in Paragraphs 1-32 above, as though set forth in full herein.

34. This claim is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. Dolby subjected Plaintiff, because she is a member of the female sex, to disadvantageous terms and/or conditions of employment to which members of the male sex were not.

35. During her employment, Plaintiff was subjected to severe, pervasive and ongoing verbal abuse, intimidation and hostility by supervisor Fehervari. Plaintiff was further witness to repeated instances of Fehervari's mistreatment of Plaintiff's fellow female colleagues and Dolby employees up until the day she was terminated. On at least one occasion, Fehervari leaned towards Plaintiff and raised his voice, causing Plaintiff fear that he would use physical violence towards her. When Plaintiff tried to defend herself or respond, Fehervari's verbal assaults and hostility worsened.

36. In 2016, Dolby moved Fehervari from his private office into the bullpen where a number of employees, including Plaintiff, could witness his harassment inflicted on female employees. The Dolby office where Plaintiff and others worked is an open-concept office space, with each workspace separated only by cubicle partitions.

37. Fehervari's anger was also targeted at his female assistant, Kiersten, who he shouted at and berated in front of several people in the office after she was 5-10 minutes late for work on one occasion. Fehervari's anger was disproportionate to the circumstances, was unprovoked, and unjustified.

38. In March 2017, Plaintiff reported an incident to HR that she was informed about during which Fehervari publicly cursed her name by shouting "fucking Sushama" towards the female Senior Director of IP Enforcement, Vivian Vassallo, within earshot of several employees in the office. In doing so, Fehervari openly humiliated Plaintiff, and he directed his frustration and animus towards Ms. Vassallo as if to make an example of Plaintiff. Just one month after this outburst, Dolby summarily terminated Plaintiff.

*GREENSPOON MARDER*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

- 8 -

39. Plaintiff's male co-worker also openly exhibited animus towards Dolby's women employees. A male engagement manager named Moonbong, would use gender-laden expletives to refer to females in the department, including calling Ms. Vassallo a "purple bitch" and IT employee Elaine a "hag," in front of Plaintiff's colleagues.

40. Plaintiff (and other female employees), complained to HR regarding Fehervari's hostile and abusive treatment, and the air of sexism in the workplace. Dolby knew or should have known of these acts of harassment and failed to take prompt remedial action that was reasonably calculated to bring about an end to the harassment. Dolby's discriminatory corporate culture and unlawful employment policies and practices allowed the harassment and discrimination to flourish. Dolby ratified, authorized and affirmed these practices within the company.

41. Dolby's acts and omissions alleged herein were wanton, willful and intentional, and were committed with malice or with reckless indifference to Plaintiff's federally protected rights justifying an award of punitive damages.

42. As a direct and proximate result of the foregoing unlawful employment practices, Plaintiff has been damaged, and will continue to be damaged, in an amount to be proven at trial, which includes, but is not limited to, loss of earnings and benefits, damage from loss of promotion and loss of compensation, reinstatement or front pay in lieu thereof, attorneys' fees and costs and nonpecuniary losses including emotional pain, suffering, inconvenience, and mental anguish.

### FOURTH CLAIM FOR RELIEF

**Hostile Work Environment Sexual Harassment**

**(California Government Code §§12940(a); 12940(j)) (Against All Defendants)**

43. Plaintiff re-alleges and incorporates by reference each of the allegations in Paragraphs 1-42 above, as though set forth in full herein.

44. This claim is brought under the California Fair Employment and Housing Act §§12940, *et seq.,* and supporting regulations. As alleged throughout, during her employment, Plaintiff was subjected to pervasive and ongoing verbal abuse, intimidation and hostility by supervisor Fehervari. Plaintiff was further witness to repeated instances of Fehervari's mistreatment of Plaintiff's fellow female colleagues and Dolby employees up until the day she was terminated.

Plaintiff also was subjected to a workplace culture of sexism and discrimination as alleged herein.

45. Dolby knew or should have known of these acts of harassment and failed to take prompt remedial action that was reasonably calculated to bring about an end to the harassment. Dolby's discriminatory corporate culture and unlawful employment policies and practices allowed the harassment and discrimination to flourish. Dolby further ratified, authorized and affirmed these practices within the company.

46. Defendants' acts and omissions alleged herein were wanton, willful and intentional, and were committed with oppression and/or malice, or with reckless indifference to Plaintiff's rights, justifying an award of punitive damages.

47. As a direct and proximate result of the foregoing unlawful employment practices, Plaintiff has been damaged, and will continue to be damaged, in an amount to be proven at trial, which includes, but is not limited to, loss of earnings and benefits, damage from loss of promotion and loss of compensation, reinstatement or front pay in lieu thereof, attorneys' fees and costs and nonpecuniary losses including emotional pain, suffering, inconvenience, and mental anguish.

## FIFTH CLAIM FOR RELIEF

### Retaliation

### (Title VII of the Civil Rights Act- 42 U.S.C §2000e-3(a)) (Against Dolby)

48. Plaintiff re-alleges and incorporates by reference each of the allegations in Paragraphs 1-47 above, as though set forth in full herein.

49. This claim is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a). Plaintiff opposed and reported unlawful employment practices, including discrimination and sexual harassment in the workplace. Dolby and its agents engaged in a retaliatory course of conduct, stripping away resources from Plaintiff's department and ultimately terminating Plaintiff's employment, because she opposed and reported the unlawful employment practices alleged herein.

50. As alleged herein, during the period between late 2013 and 2017, Plaintiff complained to Dolby's HR department regarding discrimination and harassment, and to her supervisors and others, on a number of occasions.

GREENSPOON MARDER
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

- 10 -

51. Dolby responded by failing to promote Plaintiff despite eleven years of service to the company and documented good performance and company growth. Defendants Fehervari and Shum targeted Plaintiff's systems management group for a reduction in resources, dismantling her job infrastructure, and increasing harassment, bullying and intimidation of her team.

52. When Dolby fired Plaintiff on April 3, 2017 (while one of Plaintiff's complaints to HR was still pending), it gave the pretextual reason that Plaintiff was allegedly not cooperating with the reorganization of her division. However, at no point prior to Plaintiff's termination was she put on any type of performance improvement plan, or given any warning before being fired.

53. The conduct complained of falls within the scope of conduct made unlawful by Title VII of the Civil Rights Act of 1964 and Plaintiff had a reasonable and good faith belief that Dolby's practices were unlawful.

54. As a direct and proximate result of the foregoing unlawful employment practices, Plaintiff has been damaged, and will continue to be damaged, in an amount to be proven at trial, which includes, but is not limited to, loss of earnings and benefits, damage from loss of promotion and loss of compensation, reinstatement or front pay in lieu thereof, attorneys' fees and costs and nonpecuniary losses including emotional pain, suffering, inconvenience, and mental anguish.

### SIXTH CLAIM FOR RELIEF

**Retaliation**

**(California Government Code §12940(h)) (Against Dolby)**

55. Plaintiff re-alleges and incorporates by reference each of the allegations in Paragraphs 1-54 above, as though set forth in full herein.

56. This claim is brought under the Fair Employment and Housing Act ("FEHA") California Government Code §§12940, *et seq.* Plaintiff opposed and reported unlawful employment practices, including discrimination and sexual harassment in the workplace. Dolby engaged in a retaliatory course of conduct, and fired Plaintiff, because she opposed and reported the unlawful employment practices, and/or the opposition was a substantial motivating factor in the adverse employment actions.

GREENSPOON MARDER
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

57. The conduct complained of falls within the scope of conduct made unlawful by the FEHA and Plaintiff had a reasonable and good faith belief that Dolby's practices were unlawful.

58. As a direct and proximate result of the foregoing unlawful employment practices, Plaintiff has been damaged, and will continue to be damaged, in an amount to be proven at trial, which includes, but is not limited to, loss of earnings and benefits, damage from loss of promotion and loss of compensation, reinstatement or front pay in lieu thereof, attorneys' fees and costs and nonpecuniary losses including emotional pain, suffering, inconvenience, and mental anguish.

## SEVENTH CLAIM FOR RELIEF

**Failure to Prevent Discrimination and Harassment**

**(California Government Code §12940(k)) (Against Dolby)**

59. Plaintiff re-alleges and incorporates by reference each of the allegations in Paragraphs 1-58 above, as though set forth in full herein.

60. This claim is brought under the Fair Employment and Housing Act ("FEHA"), Government Code §12940(k). Defendant Dolby committed an unlawful employment practice by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring. As an employee of Dolby, Dolby owed Plaintiff a duty to take all reasonable steps necessary to prevent unlawful employment practices from occurring. Upon information and belief, Dolby failed to perform the steps necessary to comply with the law including, without limitation, failing to implement and/or disseminate information regarding recommended policies and procedures, failing to engage in proper training for supervisors, and failing to take steps reasonably calculated to promptly end the discrimination and harassment which permeated its culture.

61. Upon information and belief, Dolby's failure to reasonably prevent against unlawful employment practices, was wanton, willful and intentional, and committed with malice or with reckless indifference to Plaintiff's rights justifying an award of punitive damages

62. As a result of the aforementioned acts and omissions, Plaintiff has been damaged in an amount to proven at trial consistent with the damage caused by Dolby's unlawful employment practices which it failed to prevent.

///

## EIGHTH CLAIM FOR RELIEF

### Wrongful Termination

### (Against Dolby)

63. Plaintiff re-alleges and incorporates by reference each of the allegations in Paragraphs 1-62 above, as though set forth in full herein.

64. As alleged throughout, Plaintiff complained on a number of occasions to Dolby representatives about a pattern of sex based hostile work environment harassment and systemic sex discrimination, which are violations of the Fair Employment and Housing Act ("FEHA"). Plaintiff's complaints were protected activities. The policies against discrimination and harassment in employment on the basis of prohibited characteristics are substantial and fundamental public policies of the State of California.

65. Dolby wrongfully terminated Plaintiff on April 3, 2017, upon information and belief, because of her reporting in violation of the public policy of the State of California.

66. Upon information and belief, Dolby's wrongful termination of Plaintiff, was wanton, willful and intentional, and committed with malice or with reckless indifference to Plaintiff's rights justifying an award of punitive damages.

67. As a direct and proximate result of the foregoing unlawful employment practices, Plaintiff has been damaged, and will continue to be damaged, in an amount to be proven at trial, which includes, but is not limited to, loss of earnings and benefits, damage from loss of promotion and loss of compensation, nonpecuniary losses including emotional pain, suffering, inconvenience, and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for Judgment as follows:

1. For special, compensatory, consequential and incidental damages (including past and future lost wages, lost compensation, and other losses) in an amount to be proven at trial;

2. For general damages, including mental pain and anguish and emotional distress in an amount to be proven at trial;

GREENSPOON MARDER
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

3.  For prejudgment interest;

4.  For attorney's fees and costs of suit as allowed by law, including pursuant to 42 U.S.C. §2000e-5(k), and California Government Code §12965(b);

5.  For punitive damages in an amount to be determined at trial to be sufficient to punish and make an example of Defendants;

6.  For equitable relief;

7.  For declaratory and injunctive relief, as follows:

    a.  A declaratory Judgment that Defendants have violated Plaintiff's rights as guaranteed by the California Fair Employment and Housing Act ("FEHA"), Government Code Section 12940, *et seq.*, the California Constitution Article 1 Section 8, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, *et seq*. in committing the acts and in engaging in the conduct complained of herein; and

    b.  A permanent injunction against Defendants, their agents, successors, and employees, and those acting in concert with them, prohibiting them from engaging in each of the unlawful practices and policies complained of herein and ordering Defendants to remedy the discriminatory effects of the past and to eliminate like discrimination in the future; and

8.  For such other and further relief as this Court may deem proper.

Respectfully submitted,

Dated: July 6, 2017  **GREENSPOON MARDER LLP**

By: /S/ Anton N. Handal
    Anton N. Handal
    Lauren G. Kane
    Attorneys for Plaintiff

*GREENSPOON MARDER*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*
- 14 -

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: July 6, 2017                **GREENSPOON MARDER LLP**

By: /S/ Anton N. Handal
    Anton N. Handal
    Lauren G. Kane
    Attorneys for Plaintiff

GREENSPOON MARDER
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*COMPLAINT*

- 15 -

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GOVERNOR EDMUND G. BROWN, JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA |95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

EEOC Number: 550-2017-00686

Case Name: SUSHAMA GOKHALE VS. DOLBY LABORATORIES, INC.

Filing Date: May 17, 2017

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH), a state agency, and the United States Equal Employment Opportunity Commission (EEOC), a federal agency. The complaint will be filed in accordance with California Government Code section 12960. The notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your state Right to Sue notice. <u>This state Right to Sue Notice allows you to file a private Lawsuit</u>. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above- referenced complaint. The lawsuit may be filed in a State of California Superior Court.

Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice or, pursuant to Government Code section 12965, subdivision (d)(2), 90 days from receipt of the <u>Federal</u> right-to-sue letter from the EEOC, whichever is later. You should consult an attorney to determine with accuracy the date
by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

(Revised 11/2016)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency     GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

May 03, 2017

Sushama Gokhale
47 Creek View Circle
Larkspur, California 94939

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 883982-288807
Right to Sue: Gokhale / Dolby Laboratories, Inc.

Dear Sushama Gokhale,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 03, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing




STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency     GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc:  Jeffrey Fehervari

Conroy Shum